352 P.2d 774

Harris BETHERS, Plaintiff and Respondent,

v.

Lalif WOOD, d/b/a Industrial Construction Company, Defendant and Appellant.

No. 9062.

Supreme Court of Utah.

June 3, 1960.

---

6. State By and Through Road Commission v. Noble, 8 Utah 2d 405, 335 P.2d 831.

314

John G. Marshall, Merlin Lybbert, Hanson, Baldwin & Allen, Salt Lake City, for appellant.

Grant Macfarlane, Sr., Grant Macfarlane, Jr., Salt Lake City, for respondent.

CALLISTER, Justice.

Under date of January 17, 1957, the defendant, who had a prime contract with the Utah State Road Commission for the construction of a certain highway, entered into a subcontract with the plaintiff wherein the latter agreed to furnish the necessary gravel.

Plaintiff brought this action to recover the sum of $29,009.80 claimed due him under the terms of the subcontract. Defendant counterclaimed and alleged a right of set-off for damages, in excess of plaintiff's claim, by reason of plaintiff's delay in furnishing the gravel.

During the course of the trial, and while the defendant was presenting his case, the trial judge, sitting without a jury, dismissed defendant's counterclaim and

awarded a judgment in favor of the plaintiff.

The trial judge, in dismissing defendant's counterclaim, held that Section 3 and Sections 5(k) and (*l*) of the subcontract precluded the defendant from asserting damages for the alleged delay. These provisions read as follows:

"Section 3. The subcontractor agrees to complete the several portions and the whole of the work herein sublet by the time or times following: (Here insert the date or dates and if there be liquidated damages, state them.)

"*Delivery of materials to keep up as directed, behind grading equipment at all times. Should contractor have to assume charge on account of delay by subcontractor, the expense accrued therein will be deducted from the contract price. Contractor to receive gravel at site of crushing plant in the bin.*

\*   \*   \*   \*   \*   \*

"Section 5. \*  \*  \*

"The Contractor agrees—\*  \*  \*

"(k) To make no demand for liquidated damages or penalty for delay in any sum in excess of such amount as may be specifically named in the subcontract.

"(*l*) That no claim for services rendered or materials furnished by the contractor to the subcontractor shall be valid unless written notice thereof is given by the contractor to the subcontractor during the first ten days of the calendar month following that in which the claim originated." [1]

■■ We think the lower court erred in holding that Section 3 and Sections 5 (k) and (*l*) provided for an exclusive remedy. The authorities are not in harmony as to the effect of an express provision in the contract for a remedy in case of breach. Some hold the contractual remedy is exclusive, while others hold to the contrary, unless the contract declares the remedy to be exclusive. The correct rule would appear to be that the question is to be solved by the intent of the parties as determined by a proper construction of their contract.[2]

The provision in Section 3 is certainly not one for liquidated damages, but rather a permissive remedy included in the subcontract for the benefit of the defendant. The word "should" negatives any intent that this was defendant's sole remedy. Rather, this section merely afforded the defendant an additional remedy in the event of breach by delay. He was entitled to this specified remedy, or he could

1. The subcontract was a printed form entitled "The Standard form of Sub-Contract" and contained blank spaces to be filled in by the parties. The provision in italics is the language of the parties.
2. 17 C.J.S. Contracts § 523, p. 1146.

at his election pursue any other remedies which the law affords.[3]

In support of his position the plaintiff in his brief cites, among others, the Oregon case of Bottemiller v. Ball[4] for the proposition that when a contract prescribes a remedy for a breach, that remedy is generally exclusive and will be enforced. Subsequent decisions by the Oregon Supreme Court have rejected such a broad ruling and are in accord with the views herein expressed.[5]

Plaintiff argues that Section 3 provides for a penalty in the event of a breach for delay and therefore Section 5(k) of the subcontract makes the remedy exclusive. We do not so construe the agreement. Section 5(k), which is a printed proviso in the form subcontract, would only have application if Section 3 did, in fact, provide for liquidated damages or a penalty. As previously noted, and defendant seems to concede, the remedy provided is not one for liquidated damages. Nor do we construe it to be a penalty. If it were a true "penalty" the provision would be unenforceable.[6]

Section 5(l) has no application to the issues involved. It refers to materials furnished and services rendered *to* the plaintiff by the defendant and has no relation to damages incurred by reason of delay.

On December 4, 1957, and after the plaintiff had furnished substantially all of the gravel agreed upon in the subcontract, the parties entered into a supplemental agreement wherein plaintiff agreed to furnish a certain quantity of gravel in stockpile. Otherwise, the original subcontract remained in full force and effect.

There was a delay in furnishing the gravel provided for in the supplemental agreement and, on December 21, 1957, the defendant elected to invoke the provisions of Section 3 and so notified the plaintiff.

It was stipulated at the pretrial by the plaintiff that the defendant had suffered damages in the amount of $2,213.00 by reason of assuming charge of plaintiff's obligation to furnish the gravel provided for in the supplemental agreement.

The trial judge awarded plaintiff a judgment in the sum of $27,082.62 plus interest in the amount of $2,349.71. This award took into account the stipulated set-off of $2,213.00 and, from what appears in the record, was a proper amount due plaintiff for the gravel furnished—absent additional damages, if any, which defendant might

3. 18 Am.Jur., Election of Remedies, Sec. 36, p. 156; United States v. United States Fidelity Co., 236 U.S. 512, 526, 35 S.Ct. 298, 59 L.Ed. 696.

4. 130 Or. 255, 279 P. 542, 69 A.L.R. 951.

5. Keller v. Lonsdale, 216 Or. 339, 339 P. 2d 112; Moberg v. Baker, Or., 342 P.2d 828.

6. Croft v. Jensen, 86 Utah 13, 20, 40 P.2d 198.

have suffered by reason of delay. Had defendant been permitted to complete his case, it is possible that evidence may have been produced showing a different amount due to plaintiff.

Because the trial judge dismissed the counterclaim prior to the completion of defendant's case, it is not possible for this court to resolve other issues raised upon appeal. We hold that defendant should be permitted to present his full case in support of his answer and counterclaim.

Reversed. Costs to defendant (appellant).

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ.